IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A.J. BREDBERG,

                                                                            ORDER

                Plaintiff,

                                                                            11-cv-780-bbc

   v.

SOIL SCIENCE SOCIETY OF AMERICA,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action for monetary relief, pro se plaintiff A.J. Bredberg has raised several state law claims against defendant Soil Science Society of America. As a basis for federal jurisdiction, plaintiff relies on 28 U.S.C. § 1332, which requires a showing that plaintiff is not a citizen of the same state as defendant and that the amount in controversy is greater than $75,000. Defendant has filed a motion to dismiss that is ready for decision. Unfortunately, I cannot rule on the motion at this time because plaintiff has not made an adequate allegation of diversity under § 1332. Until he does, I cannot determine whether this court has jurisdiction to take any action in the case.

      First, plaintiff has not identified his own citizenship properly. Plaintiff alleges in his complaint that he is an "adult resident of Washington." Dkt. #1, at ¶ 1. However, it is the citizenship, not the residency of an individual person that matters for diversity jurisdiction

1

purposes. Heinen v. Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. 2012). An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002).

Second, plaintiff has not identified defendant's citizenship properly. Plaintiff alleges only that defendant is a "Wisconsin corporation conducting business within the state of Washington." Dkt. #1, at ¶ 2. A corporation is a citizen of its state of incorporation and the state in which its principal place of business is located. Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & vonGontard, P.C., 385 F.3d 737, 740-43 (7th Cir. 2004). Plaintiff has not identified defendant's principal place of business.

As the proponent of federal jurisdiction, plaintiff has the burden to show that the parties are citizens of different states. Smart v. Local 702 International Brother of Electrical Workers, 562 F.3d 798, 802-03 (7th Cir. 2009). Accordingly, I will give plaintiff an opportunity to file supplemental materials to meet this burden. Failure to file supplemental materials will result in the dismissal of the case for lack of subject matter jurisdiction.

ORDER

It is ORDERED that plaintiff A.J. Bredberg may have until April 22, 2012, in which to provide this court with verification of the diversity of citizenship between himself and

defendant Soil Society of America. Failure to do so will result in remand of this case for lack of subject matter jurisdiction.

Entered this 11th day of April, 2012.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge